UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| IN RE: | Case No. 3:17-bk-31030 |
| GYPC, INC., | Chapter 7 |
| Debtor. | Bankruptcy Judge Guy R. Humphrey |

| | |
|---|---|
| DONALD F. HARKER, III, Chapter 7 Trustee for GYPC, Inc., | |
| Plaintiff/Appellee, | Case No. 3:22-cv-66 |
| vs. | |
| CHRISTOPHER F. CUMMINGS, *et al.*, | District Judge Michael J. Newman |
| Defendants/Appellants. | |

**ORDER: (1) DENYING DEFENDANTS'/APPELLATNS' MOTION FOR LEAVE TO FILE AN INTERLOCUTORY APPEAL (DOC. NO. 1) AND (2) TERMINATING THIS CASE ON THE DOCKET**

This bankruptcy case is before the Court on Defendants'/Appellants' Christopher F. Cummings and Eric Webb's (collectively, "Shareholders'") motion for leave to file an interlocutory appeal. Doc. No. 1-2. Shareholders seek immediate district court review of Bankruptcy Judge Guy R. Humphrey's order denying their motion to dismiss an adversary proceeding filed against them by Chapter 7 Trustee Donald F. Harker, III ("the Trustee"). Doc. No. 1-3. The motion is fully briefed and now ripe for review. Doc. Nos. 7, 8-1.

**I.**

Shareholders own 100% of Debtor GYPC, Inc. Doc. No. 1-2 at PageID 102. GYPC's small-business status qualified it to be treated as an S-Corporation ("S-Corp") for federal income

taxes purposes starting in 2013. *Id.* at PageID 103; *see also* 26 U.S.C §§ 1361(b) and 1362(a). S-Corps possess several attractive attributes. Principal among them is that S-Corps are not subject to federal income tax and their income and losses flow through to their shareholders. 26 U.S.C. §§ 1363(b) and 1366(a). An S-Corp's shareholders must report their S-Corp's income and losses on their individual tax returns. 26 U.S.C. §§ 1363(b) and 1366(a). C-Corporations ("C-Corp")—the default corporate tax status—are subject to federal income tax and do not possess flow through attributes. *In re GYPC, Inc.*, No. 3:17-bk-31030, 2021 WL 4618410, at *1 (S.D. Ohio Oct. 5, 2021).

In February 2017, Cummings released his rights to a revocable trust that no party disputes converted GYPC's tax status from an S-Corp to a C-Corp. Doc. No. 1-3 at PageID 120. GYPC filed a voluntary Chapter 11 petition in March 2017. *Id.* Despite the change in its tax status, GYPC still filed S-Corp federal tax returns for 2017 and 2018. *Id.*

GYPC's case was converted to Chapter 7 in August 2019. *Id.* The Trustee was appointed in September 2019. *Id.* The Trustee did not know it at the time, but in October 2019, GYPC filed amended C-Corp tax returns for the post-conversion period in 2017 (February through December 2017) and the complete 2018 tax year (the "Post-Conversion Returns"). *Id.* at PageID 120–21. The Trustee learned of the conversion when, in September 2020, he filed an S-Corp return on behalf of GYPC only to be told by the IRS that GYPC's S-Corp election was terminated in February 2017. *Id.* at PageID 121. In response, the Trustee filed amended Post-Conversion Returns that shifted deferred income from tax year 2017 back to GYPC's pre-petition 2016 S-Corp return. *Id.* The Trustee's amended returns—if accepted by the IRS—would eliminate the bankruptcy estate's tax liability and offload about $4 million in tax liability back to Shareholders. *Id.*

For its part, the United States, on behalf of the IRS, views the Post-Conversion Returns as operative. *Harker v. Cummings et al.*, No. 3:21-ap-3025, Doc. No. 38 (Bankr. S.D. Ohio Mar. 21, 2022). In September 2021, the United States filed an amended proof of claim in GYPC's case for payment of excise taxes and penalties. *Id.* The United States lodged a second amended proof of claim against GYPC in March 2022—after this motion for leave to appeal was filed—seeking $7,206,098.05 in taxes, interest, and penalties for tax years 2017 and 2018. *Id.*

The Trustee believes the Post-Conversation Returns should be avoided and replaced by its amended S-Corp returns. Doc. No. 1-3 at PageID 120. To that end, the Trustee filed this adversary proceeding against Shareholders under 11 U.S.C. § 549 to avoid the Post-Conversion Returns as an unauthorized post-petition "transfer of property." *Id.* The Trustee specifically seeks (1) a "declaration that the filing of [Post-Conversion Returns] are a transfer of property of the estate that was not authorized by the Bankruptcy Code" and a (2) "declaration that the Trustee is authorized to file a tax return for the 2017 Full Year and 2018 on behalf of the Debtor or, in the alternative, that the amended returns filed by the Trustee shall be considered the return." *Harker v. Cummings et al.*, No. 3:21-ap-3025, Doc. No. 1 (Bankr. S.D. Ohio Oct. 1, 2021). Seizing on the word "declaration," Shareholders filed a motion to dismiss arguing that the Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201(a), deprives the bankruptcy court (and this Court) of subject matter jurisdiction to hear the Trustee's § 549 claim. Doc. No. 1-3 at PageID 122. Shareholders also contended that Rule 12(b)(6) dismissal was appropriate because a change in corporate tax does not constitute transferrable "property." *Id.*

The bankruptcy court disagreed with the Shareholders on both counts. *Id.* at PageID 122–29. It first determined that the DJA did not bar the Trustee's claim. *Id.* The DJA provides that

> In a case of actual controversy within its jurisdiction, *except with respect to Federal taxes other than actions brought under section*

3

> *7428 of the Internal Revenue Code of 1986, a proceeding under section 505 or 1146 of title 11*, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201(a) (emphasis added). In the bankruptcy court's view, the DJA was inapplicable because the Trustee is not seeking a declaratory judgment. Doc. No. 1-3 at PageID 125. True, the Trustee seeks a "declaration" that he was authorized to amend the Post-Conversion Returns. *Id.* But the bankruptcy court explained that all the Trustee really wants is an order voiding the Post-Conversion Returns. *Id.* Even if the DJA applied, the bankruptcy court continued, its federal-tax exception did not deprive the court of subject matter jurisdiction. *Id.* Rather, said the bankruptcy court, the DJA only precludes jurisdiction over "ordinary" federal tax collection matters. *Id.*

With its jurisdiction assured, the bankruptcy court then determined that a C-Corp's tax attributes fit into the broad definition of estate property. *Id.* at PageID 127–28. It explained that a debtor corporation's tax status has a "significant" effect on the estate's assets. *Id.* After all, tax liability can only be satisfied with proceeds from the estate. *Id.* The bankruptcy court was satisfied that the Trustee stated a plausible § 549 claim and denied Shareholders' motion to dismiss. *Id.* at PageID 131.

Shareholders now ask this Court to conduct an interlocutory review of the bankruptcy court's order. Doc. No. 1-2. They contend that the bankruptcy court erred in determining that the DJA's federal-tax exception did not strip the court of subject matter jurisdiction. *Id.* The Court will review the parties' arguments in turn.

## II.

A district court may hear an appeal from a bankruptcy judge's interlocutory order with leave of court. 28 U.S.C. § 158(a)(3). But § 158 and Rule 8004 of the Federal Rules of Bankruptcy Procedure are silent on when interlocutory review is appropriate. To compensate, district courts

4

apply the standards set forth in 28 U.S.C. § 1292(b) as they do for interlocutory appeals from district to circuit courts. *See, e.g.*, *In re Energy Conversion Devices, Inc.*, 638 B.R. 81, 88–89 (E.D. Mich. 2022). Interlocutory appeal is appropriate under 28 U.S.C. § 1292(b) if "(1) [t]he appeal 'involves a controlling question of law,' (2) there is a 'substantial ground for difference of opinion' about the answer, and (3) 'an immediate appeal from the order may materially advance the ultimate termination of the litigation.'" *In re Somberg*, 31 F.4th 1006, 1008 (6th Cir. 2022) (quoting 28 U.S.C. § 1292(b)).

"Congress sets the jurisdiction of the federal courts" and prefers that only final orders be appealed. *Page Plus of Atl., Inc. v. Owl Wireless, LLC*, 733 F.3d 658, 659 (6th Cir. 2013). Interlocutory review is an exception to that finality requirement and, therefore, should be "sparingly" afforded. *Kraus v. Bd. of Cnty. Rd. Comm'rs*, 364 F.2d 919, 922 (6th Cir. 1966). This rule "guards against piecemeal appeals that permit litigants to second-guess the [bankruptcy] court at each turn, harming the [bankruptcy] court's ability to control the litigation in front of it and consuming finite appellate court resources along the way." *Page Plus*, 733 F.3d at 659. Interlocutory review is not merely meant to "refer difficult matters to a higher court for advance decision," *U.S. ex rel. Elliot v. Brickman Grp. Ltd.*, 845 F. Supp. 2d 858, 863 (S.D. Ohio 2012) (quoting *Alexander v. Provident Life & Accident Ins. Co.*, 663 F. Supp. 2d 627, 639 (E.D. Tenn. 2009)), but is reserved for "exceptional cases," *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002). Even denials of motions to dismiss for lack of subject matter jurisdiction are "not immediately reviewable." *Catlin v. United States*, 324 U.S. 229, 236 (1945).

  A. **Controlling Question of Law**

An interlocutory appeal must both (1) present a legal question and (2) control the case's outcome. *In re Trump*, 874 F.3d 948, 951 (6th Cir. 2017). "[I]nterlocutory appeals are limited to questions that present 'neat abstract issues of law.'" *Hills v. Kentucky*, 457 F.3d 583, 588 (6th Cir.

2006) (quoting *Turner v. Scott*, 119 F.3d 425, 428 (6th Cir. 1997)).  "A legal issue is controlling if it could materially affect the outcome of the case." *City of Memphis*, 293 F.3d at 351.

Shareholders raised a legal issue when they challenged the bankruptcy court's subject matter jurisdiction.  Doc. No. 1-3 at PageID 120.  A facial attack on the court's subject matter jurisdiction, like the one Shareholders made, "goes to the question of whether the plaintiff has alleged a basis for subject matter jurisdiction, and the court takes the allegations of the complaint as true for purposes of Rule 12(b)(1) analysis." *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014).  No factfinding was required to address the issue.  Doc. No. 1-3 at PageID 124.  Instead, the question turned on the bankruptcy court's interpretation of the DJA.  *Id.*

But whether this issue is "controlling" is another matter.  Shareholders argue that if this Court were to reverse the bankruptcy court, the result would be dismissal of the Trustee's complaint.  Doc. No. 1-2 at PageID 107.  This is true.  Reversal would mean that the DJA deprives this Court of subject matter jurisdiction to hear the Trustee's claim.

Reversal would not, however, put the operative tax return issue to bed.  Because also pending before the bankruptcy court are two other motions concerning the Post-Conversion Returns.  One was filed by the United States in the main bankruptcy proceeding for full payment of administrative expenses.  *In re GYPC, Inc.*, 3:17-bk-3130, Doc. No. 498 (Bankr. S.D. Ohio Mar. 21, 2022).  Shareholders have also filed a second motion to dismiss the Trustee's adversary proceeding for failure to join the United States as a necessary and indispensable party.  *Harker v. Cummings et al.*, No. 3:21-ap-3025, Doc. No. 28 (Bankr. S.D. Ohio Feb. 23, 2022).  The United States joined Shareholders' second motion to dismiss to argue that the proper vehicle to resolve the operative tax return issue is its motion for administrative expenses.  No. 3:21-ap-3025, Doc. No. 38.  In the United States' view, the Trustee can contest any alleged tax debt by filing an

6

objection to the United States' claim. *Id.* That will force the bankruptcy court to decide whether GYPC had authority to file the Post-Conversion Returns. *Id.* Neither motion has been ruled upon.

It is far from clear that interlocutory review will resolve the Post-Conversion Return issue, even if the Court were to dismiss the adversary proceeding. Better to let the issue play out in the bankruptcy court. A piecemeal resolution could create further confusion and unnecessary litigation. *See Page Plus*, 733 F.3d at 659. Therefore, the bankruptcy court's order does not present a controlling issue of law.

### B. Substantial Difference of Opinion

"District courts in this circuit have interpreted a substantial ground for difference of opinion . . . to mean when (1) the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions; (2) the question is difficult and of first impression; (3) a difference of opinion exists within the controlling circuit; or (4) the circuits are split on the question." *In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013) (quoting *City of Dearborn v. Comcast of Mich. III, Inc.*, No. 08-cv-10156, 2008 WL 5084203, at *3 (E.D. Mich. Nov. 24, 2008) (cleaned up)). "Simply because a court decides a novel issue or a question of first impression does not mean there is substantial ground for difference of opinion concerning the correctness of the ruling. Serious doubt as to how an issue should be decided must exist in order for there to be substantial ground for difference of opinion." *City of Dearborn*, 2008 WL 5084203, at *3 (citations omitted). "[W]hen novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions, a novel issue may be certified for interlocutory appeal without first awaiting development of contradictory precedent." *Trump*, 874 F.3d at 952 (quoting *Reese v. BP Exploration, Inc.*, 643 F.3d 681, 688 (9th Cir. 2011)).

Shareholders argue that the bankruptcy court's understanding of the DJA was flawed in two ways. First, they contend that the Trustee's desired relief runs afoul of the DJA's federal-tax exception. Doc. No. 1-2 at PageID 109. They insist that avoiding the Post-Conversion Returns would interfere with the United States' attempt to collect taxes from GYPC. *Id.* Second, Shareholders criticize the bankruptcy court's reliance on a pre-amendment understanding of the DJA. *Id.* at PageID 113–14. Shareholders' position is that the DJA's federal-tax exception bars all declaratory actions relating to federal taxes except for the three types of federal-tax cases Congress explicitly mentioned in the DJA. *Id.*

But Shareholders' arguments gloss over a threshold question: does the DJA even apply to the Trustee's cause of action? The bankruptcy court said no. Doc. No. 1-3 at PageID 124–25. In its view, the Trustee is not seeking a declaratory judgment, and so the DJA's federal-tax exception did not deprive the court of subject matter jurisdiction. *Id.* Shareholders do not challenge this portion of the bankruptcy court's conclusion. Doc. No. 1-2 at PageID 107. Therefore, the Court sees no reason to disturb the bankruptcy court's ruling, especially in an interlocutory fashion.[1]

C. **Advance Termination of the Litigation**

"When litigation will be conducted in substantially the same manner regardless of [the court's] decision, the appeal cannot be said to materially advance the ultimate termination of the litigation." *City of Memphis*, 293 F.3d at 351. "Appeals fulfilling that criterion typically are those where, absent review, potentially unnecessary 'protracted and expensive litigation' will ensue." *Somberg*, 31 F.4th at 1008 (quoting *Little v. Louisville Gas & Elec. Co.*, 805 F.3d 695, 699 (6th Cir. 2015)). This element overlaps with the "controlling question of law" inquiry. If an issue

---

[1] Shareholders also do not challenge the bankruptcy court's conclusion that corporate tax attributes "fit within the very broad definition of estate property." Doc. No. 1-3 at PageID 127; Doc. No. 1-2. Therefore, the Court expresses no opinion on that finding.

8

"materially" alters the course of the litigation, then it likely will "materially advance the termination of the litigation." *See Elliott*, 845 F. Supp. 2d at 871.

The Court remains concerned that interlocutory review would not only produce a piecemeal resolution of the operative tax return question but conflict with the bankruptcy court's decision on the United States' administrative expenses motion. *See In re Dow Corning Corp.*, 86 F.3d 482, 488 (6th Cir. 1996) (recognizing that "discrete disputes" within a larger bankruptcy proceeding may be appealed on an interlocutory basis if the reviewing court produces "final[ity]"). Interlocutory review is best exercised when the appellate court can take the case off the lower court's hands and bring about a decisive resolution. *See, e.g.*, *Energy Conversion Devices*, 638 B.R. at 95–96 (declining to grant interlocutory review to a challenge to the bankruptcy court's subject matter jurisdiction because significant resources had been devoted to discovery); *In re Regions Morgan Keegan ERISA Litig*, 741 F. Supp. 2d 844, 851 (W.D. Tenn. 2010) (declining interlocutory review where appeal of one among several consolidated cases would produce "piecemeal" litigation). *But see Trump*, 874 F.3d at 952 (granting interlocutory review where the district court was poised to authorize discovery against the President of the United States). Shareholders have not shown an interlocutory appeal would accomplish this.

### III.

Upon review of the § 1292 factors, the Court finds interlocutory review of the bankruptcy court's motion to dismiss order to be unwarranted. Shareholders' motion for leave to file an interlocutory appeal is **DENIED**. This case is hereby **TERMINATED** on the docket.

**IT IS SO ORDERED.**

Date:   May 26, 2022              s/Michael J. Newman
                                  Hon. Michael J. Newman
                                  United States District Judge